Michael T. Driscoll, Esq. (*Pro Hac Vice* pending)
Benjamin O. Gilbert, Esq. (*Pro Hac Vice* pending)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Email: mdriscoll@sheppardmullin.com
      bogilbert@sheppardmullin.com

-and-

Steven G. Gersten**,** Esq. (Texas Bar No. 24087579)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: (469) 391-7400
Email: sgersten@sheppardmullin.com

*Attorneys for Starwood (M) International, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re** | § | |
| | § | Case No. 22-30681-swe11 |
| **NB HOTELS DALLAS LLC,** | § | |
| Debtor. | § | |
| | § | Chapter 11 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
STARWOOD (M) INTERNATIONAL, INC. TO THE DISCLOSURE
STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION**

Starwood (M) International, Inc. ("Starwood")[1], by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the

---

[1] Starwood is a subsidiary of Marriott International, Inc.

-1-

*Disclosure Statement for Debtor's Plan of Reorganization* [ECF No. 92] (the "Disclosure Statement").² In support of the Limited Objection, Starwood respectfully states as follows:

**BACKGROUND**

1. NB Hotels Dallas LLC (the "Debtor") is the licensee of Starwood pursuant to the following: (i) *Le Meridien Hotel Change of Ownership License Agreement*, dated August 23, 2010; (ii) *Assignment and Assumption Agreement and First Amendment*, dated May 15, 2013; (iii) *Assignment And Assumption Agreement and Second Amendment to License Agreement*, dated June 10, 2015;³ (iv) *Third Amendment to License Agreement, dated July 24, 2017*; and (v) *Amendment to Le Meridien License Agreement*, dated August 4, 2020 (collectively, the "License Agreement").

2. Pursuant to the License Agreement, the Debtor was granted a non-exclusive license by Starwood to operate the Debtor's hotel located at 13402 Noel Rd., Dallas, Texas 75240 (the "Hotel") under the *Le Meridien* brand, which includes the use of Starwood's trademarks and other intellectual property. *See* License Agreement § 2.1. Under the License Agreement, the Debtor is required to pay Starwood certain licensing fees, marketing fees, royalty fees, third-party commissions, and other fees and reimbursable amounts (collectively, the "License Fees") in accordance with the terms set forth in the License Agreement. *See id.* at § 3.1.

3. On June 10, 2015, Nadir Badruddin (the "Guarantor") entered into that certain *Guarantee* (the "Guarantee") for the benefit of Starwood, which, among other things, provides that the Guarantor shall render any payment and performance required of the Debtor under the License Agreement upon demand if the Debtor fails or refuses punctually to do so. *See id.* at Ex. I.

---

² Counsel to the Debtor granted Starwood an extension to file this Limited Objection through September 8, 2022.

³ Pursuant to the *Assignment and Assumption Agreement and Second Amendment to License Agreement*, AREP-HEI Dallas Hotel LLC assigned all of its rights, title, and interest in and to the License Agreement to the Debtor.

4. On April 18, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On July 27, 2022, the Debtor filed the *Debtor's Plan of Reorganization* [ECF No. 91] (the "Plan"), which, among other things, seeks to assume certain executory contracts, including the License Agreement. *See* Plan § 7.01.

6. Also on July 27, 2022, the Debtor filed the Disclosure Statement, which, among other things, describes the treatment of executory contracts under the Plan. *See* Disclosure Statement § 8.01. However, there is no provision in either the Plan or the Disclosure Statement covering cure amounts related to the executory contracts being assumed.

7. On August 23, 2022, Starwood filed a proof of claim in the amount of no less than $280,021.52 arising from past due pre-petition License Fees [Claim No. 26] (the "Proof of Claim").

**ARGUMENT**

**A. The Disclosure Statement Does Not Contain Adequate Information Regarding Whether the Debtor Has Sufficient Cash to Cure the Defaults Under the License Agreement and Other Executory Contracts.**

8. As the Debtor proposes to assume the License Agreement under the Plan, the Debtor must cure all pre-petition liabilities and any fees and expenses incurred post-petition by Starwood. *See* 11 U.S.C. 365(b)(1)(A). However, neither the Plan nor the Disclosure Statement provide any information, let alone adequate information, regarding proposed cure amounts and whether the Debtor will have sufficient cash to cure any defaults under the License Agreement and other potential executory contracts. Pursuant to the Disclosure Statement, the Debtor only has $40,726.40 in cash on hand. *See* Disclosure Statement § 3.02. This amount is not adequate to cure the pre-petition License Fees of $280,021.52 plus the post-petition License Fees.

9. Moreover, no adequate assurance of future performance has been provided or proposed by the Debtor, which is required in order for the Debtor to assume the License Agreement. *See* 11 U.S.C. 365(b)(1)(C). Specifically, neither the Plan nor the Disclosure Statement provides any information regarding whether the Debtor has adequate funds to fulfill its obligations under the License Agreement including, but not limited to, the installation of guestroom entertainment systems and the renovations to the Hotel's public spaces scheduled for December 2022.

10. Moreover, the Plan may be unconfirmable because, without identifying any proposed cure amounts, it cannot be ascertained whether the Debtor will have sufficient cash for the Plan to go effective, and thus it is impossible to know whether the Plan is feasible. *See In re Geijsel,* 480 B.R. 238, 273 (Bankr. N.D. Tex. 2012) (finding that the plan was not feasible when, among other things, the debtors were unable to make certain required payments under the plan because they had no source of capital or operating funds to make such payments).

**B. The Disclosure Statement Does Not Contain Adequate Information Regarding Whether the Debtor's Equity Structure Is Being Altered Under the Plan.**

11. The License Agreement describes the ownership interest in the Debtor at all levels, and Starwood relied on such description in its approval of the Debtor to enter into the License Agreement. *See* License Agreement Ex. A. The License Agreement also governs the procedures for any change in, or transfer of, the ownership interest of the Debtor or its direct or indirect owners. *See id.* at § 11.2.2.

12. The Disclosure Statement does not provide adequate information regarding whether the Debtor's complete ownership or equity structure is being altered under the Plan. Pursuant to the Plan, equity interests in the Debtor are being retained. *See* Plan art. V § B.

13. In order to provide adequate information relevant to (i) the risks posed to Starwood under the Plan, and (ii) Starwood's decision to accept or reject the Plan, the Disclosure Statement must verify that, to the extent that the Debtor has, or intends to, effect a transfer of, or a change in, the ownership structure of the Debtor or its direct or indirect owners, (i) such transfer will strictly comply with the procedures set forth in the License Agreement, and (ii) such transfer will not result in a "Transfer of Control" under the License Agreement.[4]  Without such information, the Disclosure Statement is not acceptable to Starwood.[5]

**C. The Disclosure Statement Does Not Contain Adequate Information Regarding the Legal Basis for Temporarily Enjoining Creditor Actions Against the Guarantor.**

14. Under the Plan, commencement of a judicial action, attempts to collect or enforce any judgment, enforcement of any encumbrance, among other things, are temporarily enjoined as to third-party guarantors. *See* Plan at § 9.05.  However, under the Guarantee, the Guarantor is obligated to guarantee the performance of the Debtor's obligations under the License Agreement. The Disclosure Statement does not contain adequate information regarding the legal basis for temporarily enjoining creditors, including Starwood, from commencing an action against, or collecting from, the Guarantor.[6]

---

[4] Starwood notes that, pursuant to the Disclosure Statement, there appears to be inadequate cash to pay holders of administrative claims and general unsecured creditors in full. This raises the question of whether the Debtor is bringing in new equity to contribute cash to pay such claims.

[5] To the extent that the equity structure of the Debtor, or any of its direct or indirect owners, is changed or altered without strictly following the procedures set forth in the License Agreement, Starwood does not consent to such change.

[6] Starwood will object to any provision of the Plan that alters the rights of Starwood to enforce the terms of the Guarantee against the Guarantor.

**RESERVATION OF RIGHTS**

15. Starwood reserves the right to amend, modify, or supplement this Limited Objection in all respects and to make additional arguments at the hearing held to consider the relief requested in the Disclosure Statement. Nothing herein constitutes a waiver of its rights or remedies.

WHEREFORE, Starwood objects to the Disclosure Statement, respectfully requests relief consistent with this Limited Objection, and requests that this Court grant such other relief as this Court deems appropriate, fair and just.

Dated: September 7, 2022

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ *Steven G. Gersten*
Michael T. Driscoll, Esq. (admitted *Pro Hac Vice*)
Benjamin O. Gilbert, Esq. (admitted *Pro Hac Vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Email: mdriscoll@sheppardmullin.com
bogilbert@sheppardmullin.com

-and-

Steven G. Gersten, Esq. (TX Bar No. 24087579)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: (469) 391-7400
Email: sgersten@sheppardmullin.com

*Attorneys for Starwood (M) International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I electronically transmitted the foregoing to the Office of the Clerk of the United States Bankruptcy Court, Northern District of Texas, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Steven G. Gersten*
Steven G. Gersten